UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-03765 MMM (SSx) | Date | May 27, 2010 |
|---|---|---|---|

| Title | Lisa Borten v. Federal Deposit Insurance Corporation, et. al. |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Re: Lack of Subject Matter Jurisdiction**

## I. BACKGROUND

Plaintiff Lisa Borten held five accounts at IndyMac Bank, each of which had deposits that exceeded the federally insured maximum. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as the bank's receiver pursuant to 12 U.S.C. § 1821(c)(2)(A). The FDIC made deposit insurance determinations for accounts held at IndyMac Bank and notified depositors of the determinations via letter. Borten was advised she was not insured for approximately half of her total deposits, as they exceeded the federally insured maximum. On June, 12, 2009, Borten filed an administrative claim with the OTS. On September 15, 2009, she filed an administrative claim with the FDIC. More than six months have passed, and neither agency has responded to her claims. On May 19, 2010, plaintiff filed a complaint against the agencies.[1]

## II. DISCUSSION

### A. Standard Governing Suits Against the United States

An action against the United States is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit. See, e.g., *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without

---

[1] Complaint, Docket No. 1 (May 19, 2010).

its consent and that the existence of consent is a prerequisite for jurisdiction"); *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003)*; Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1996). "When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity." *Krieg v. Mills*, 117 F.Supp.2d 964, 967 (N.D. Cal. 2000) (citing *Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995)). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge*, 107 F.3d at 707.

"Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied." *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). "As the party asserting a claim against the United States, [plaintiff] has the burden of 'demonstrating an unequivocal waiver of immunity.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). "Unless [plaintiff] satisfies the burden of establishing that [her] action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). Indeed, until such a showing is made, "[i]t is to be presumed that [the] cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

### B. Whether Plaintiff's Tort Claims Are Barred Under the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for common law tort claims. See, e.g., *Dalehite v. United States*, 346 U.S. 15, 28 (1953) (stating that the United States waived sovereign immunity for "ordinary common-law torts" in the FTCA); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (" The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 . . . , waives the sovereign immunity of the United States for actions in tort"); see also *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit,'" quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The FTCA confers exclusive jurisdiction on federal district courts to adjudicate claims "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Consequently, the FTCA waives sovereign immunity under circumstances where "local law" – in this case, California law – would make a private person liable in tort. *Tekle v. United States*, 511 F.3d 839, 851 (9th Cir. 2007).

"The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all)." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006); see also *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003) ("The United States may not be sued unless the government has waived its sovereign immunity," citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S.

255, 260 (1999)). Of paramount importance in this case is the fact that the FTCA does not waive sovereign immunity for suits against the FDIC, the OTS or any other federal agency. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies [ ], an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). See also *Shelton v. United States Customs Service*, 565 F.2d 1140, 1141 (9th Cir. 1977) ("It is well established that federal agencies are not subject to suit *eo nomine* unless so authorized by Congress in explicit language"). "This jurisdictional restriction is not modified by the FDIC's 'sue and be sued' jurisdiction." *Craft*, 157 F.3d at 706 (citing 28 U.S.C. § 2679 ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title")). Consequently, in *Craft* the Ninth Circuit held that if a plaintiff sues the FDIC under the FTCA, the claims must be dismissed for lack of subject matter jurisdiction. *Id.* ("[W]e dismiss all claims against the FDIC for lack of jurisdiction"). See also *ABI Investment Group v. F.D.I.C.*, 860 F.Supp. 911, 918 (D.N.H. 1994) ("When bringing a tort claim, the FDIC cannot be sued in its own name" and that naming the FDIC as the defendant in an FTCA action deprives the court of jurisdiction); *FDIC v. Manatt*, 723 F.Supp. 99, 104 (E.D. Ark. 1989) (finding that because the FDIC was named as a defendant to tort claims, such claims "must be dismissed as a matter of law").

Likewise, this jurisdictional restriction is not modified by OTS's "sue and be sued" clause. See 12 U.S.C. § 1464(d)(1)(A) (""Except as otherwise provided, the Director shall be subject to suit (other than suits on claims for money damages) by any Federal savings association or director or officer thereof . . ."). See also *United Liberty Life Insurance Co. v. Ryan*, 985 F.2d 1320, 1328 (6th Cir. 1993) (concluding, based on "a close review of FIRREA," that "the only provision[ ] that arguably" provides jurisdiction to sue OTS is § 1464(d)(1)(A)). Plaintiff is not a "federal savings association or its director[ ] or officer[ ]." Rather, she is an individual who deposited funds in a failed banking institution. Section 1464(d)(1)(A), therefore, does not waive sovereign immunity for plaintiff's claims against the OTS. *Id.* ("We conclude that since both provisions specifically limit judicial review to suits by a federal savings association or its directors or officers, and since United Liberty is neither, but merely an investor, the FIRREA does not confer subject matter jurisdiction for United Liberty's claims against OTS"); *Transohio Savings Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992) (concluding that § 1464(d)(1)(A) did not waive sovereign immunity for a suit by a state-chartered saving bank, as it was not a federal savings association).

For these reasons, the court is in doubt whether it has subject matter jurisdiction to hear this action. While plaintiff alleges that she has satisfied the jurisdictional prerequisites of the FTCA, she has failed to name a party as defendant that can properly be sued under the Act.

### III. CONCLUSION

For the foregoing reasons, the court orders plaintiff to show cause by **June 16, 2010**, why the action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by this date will result in immediate dismissal of plaintiff's complaint. In order for plaintiff successfully to

respond to this order to show cause, she must establish that her action falls within an unequivocally expressed waiver of sovereign immunity.